**Edward WALKER, Plaintiff–Appellee,**

v.

**UNUMPROVIDENT CORP., Provident Co., Inc., and Provident Life and Accident Insurance Company, Defendants–Appellants.**

**No. 05–6609–cv.**

United States Court of Appeals, Second Circuit.

Oct. 12, 2006.

Paul H.D. Stoughton, Conway & Stoughton, LLP (Sean M. Nourie and Jennifer Katz, on the brief), Hartford, CT, for Plaintiff–Appellee.

Linda L. Morkan, Robinson & Cole LLP (Helen M. Kemp, on the brief), Hartford, CT, for Defendants–Appellants.

Present: GUIDO CALABRESI, ROSEMARY S. POOLER, BARRINGTON D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

In June 2001, Plaintiff–Appellee Edward Walker brought suit in the United States District Court for the District of Connecticut (Covello, *J.*) pursuant to the Employee

Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., alleging that Unumprovident Corp., Provident Co., Inc., and Provident Life and Accident Insurance Company (collectively "Defendants" or "Provident") had wrongfully denied his application for disability benefits. On November 2, 2005, after a four-day bench trial Judge Covello held in favor of Walker, and ordered Provident to pay Walker benefits plus pre-judgment interest accruing from September 6, 2000—the date on which Provident had denied Walker's claim. Provident appeals from the judgment of the district court. We presume the parties' familiarity with the underlying facts and procedural history.

On appeal, Provident argues (1) that the district court erred in determining that Walker was "totally disabled" within the meaning of the insurance plan because he remained capable of performing at least one of the "substantial and material duties" of his former occupation; (2) that in order to establish "proof of loss" under the insurance plan, Walker needed to proffer "objective" medical evidence of his disability, which he failed to do; (3) that, since "subjective" evidence is legally insufficient to establish "total disability," and since Walker proffered only subjective evidence, the district court improperly shifted the burden of proof to Provident by requiring them to advance objective evidence *disproving* Walker's disability claim; and (4) that the district court abused its discretion by permitting Walker to introduce evidence outside the administrative record, where there was no "good cause" to do so.

■ Provident's arguments are without merit. First, Walker established at trial that he is incapable of performing the "substantial and material" duties of *his* former occupation as President of the East River Oil Co.; the fact that Walker remains capable of performing other tasks that are not "substantial and material" to his former occupation does not alter this outcome under the "own occupation" policy that was in place.

■ Second, the insurance plan does not require "objective" medical evidence to establish "proof of loss." The plan at no point imposes such a requirement expressly, and to the extent that "proof of loss" is ambiguous on this point, it must be interpreted in favor of Walker. *See Fay v. Oxford Health Plan,* 287 F.3d 96, 104 (2d Cir.2002) (noting that when there are "ambiguities in an ERISA plan that [the][c]ourt is reviewing de novo, those ambiguities are construed in favor of the plan beneficiary.").

Third, given our interpretation of the insurance plan as not requiring "objective" medical evidence, Provident's burden-shifting argument is meritless. The district court merely credited the persuasive evidence Walker presented at trial, and then noted that Provident failed to proffer any competing evidence of its own to undermine Walker's case.

■ Fourth and finally, the district court did not abuse its discretion in finding good cause to admit evidence outside the administrative record. Provident largely failed to develop an adequate record, and therefore the district court acted reasonably in allowing Walker to supplement the record with the highly relevant testimony of Donald Herzog and Dr. James S. Cohen. *See Locher v. Unum Life Ins. Co. of America,* 389 F.3d 288, 294 (2d Cir.2004) (holding that the district court did not abuse its discretion in admitting evidence outside the administrative record where (a) the administrator had a conflict of interest, and (b) there were "procedural problems with the plan administrator's appeals process"). Moreover, Provident conceded in its briefing that "at the time of the decision[,] Provident did not question the *duties* of the plaintiff" but "[r]ather

Provident sought specific medical information to justify Walker's claims of cognitive impairment," (emphasis added). Since Provident did choose to raise the issue of Walker's *duties* at trial, it was well within the district court's discretion to admit evidence outside the administrative record that would aid the court in resolving that issue. *See DeFelice v. American Intern. Life Assur. Co. of New York,* 112 F.3d 61, 65 (2d Cir.1997) ("[A]dditional evidence may be considered upon *de novo* review of an issue of plan interpretation ...." (citing *Masella v. Blue Cross & Blue Shield of Connecticut, Inc.,* 936 F.2d 98, 103–05 (2d Cir.1991))).

We have considered all of Kaplan's claims and find them without merit. The judgment of the district court is AFFIRMED.